UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN J. SHOOK,

    Plaintiff,                                CIVIL ACTION NO. 08-10262

  v.                                     DISTRICT JUDGE MARIANNE O. BATTANI
                                           MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of medium work prior to September 30, 1998, when his insured status expired.

\*    \*    \*

Plaintiff filed an application for Social Security disability insurance benefits on August 31, 2005, alleging that he had become disabled and unable to work on January 1, 2005, at age 39, due to severe back pain, muscle weakness and chronic fatigue. Benefits were denied by the Social Security Administration. Plaintiff, through his attorney, waived his right to a de novo hearing, but he requested that an Administrative Law Judge (ALJ) make an on-the-record decision without his testimony. On July 26, 2006, ALJ Richard Sasena found that the claimant had retained the residual functional capacity to perform a limited range of medium work prior to September 30, 1998, when his insured status expired. The ALJ determined that Plaintiff could have returned to his past relevant work prior to September

1998, as either a maintenance worker, custodian, plumber, delivery driver or sewer cleaner. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 40 years old at the time of the ALJ's decision (TR 50). He had been graduated from high school, and had been employed through October 2004 in a variety of jobs that included delivery driver, sewer cleaner, school custodian, plumber assistant and roofer[1] (TR 67). As a self-employed sewer cleaner for nearly a year prior to October 2004, he did a good deal of walking and standing. He had to constantly bend down and reach over his head. He was required to lift about 50 pounds a regular basis (TR 68).

Claimant stopped working in October 2004, after injuring his back in a motor vehicle accident (TR 30, 97-102, 119-121). Despite undergoing physical therapy in an effort to strengthen his back (TR 102-104), Plaintiff complained of severe back pain radiating into his legs and feet (TR 94). Claimant also began to suffer from chronic fatigue and muscle weakness following the 2004 accident. In June 2005, Plaintiff was diagnosed with multiple sclerosis (TR 86). Plaintiff reported in October 2005, that he remained capable of preparing his own meals, shopping for groceries, handling his personal finances and driving an automobile (TR 61-63). There was no Vocational Expert testimony.

---

[1] Even though the claimant was employed as a sewer cleaner, delivery driver, school custodian and plumber's assistant from October 2001 through October 2004, he was unable to establish enough insurance credits to extend his insured status beyond September 1998 (TR 8).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that there were no medical records corroborating Plaintiff's allegations of disabling back pain and multiple sclerosis prior to the expiration of his insured status in September 1998. Based on medical examinations and residual functional capacity assessments performed after October 2004, the Law Judge found that the claimant retained the residual functional capacity to perform a significant number of medium jobs, including his past work as a maintenance worker, custodian, plumber, delivery driver and sewer cleaner.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)

(en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remained capable of performing a limited range of medium work activity prior to the expiration of his insured status. He also argues that the ALJ improperly evaluated his credibility, particularly with regard to the functional limitations caused by his severe back pain, muscle weakness and chronic fatigue. Defendant counters that the claimant retained the residual functional capacity for a reduced range of light work prior to September 1998, because the objective clinical evidence of record during the relevant period did not confirm the disabling nature of his impairments.

## INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on September 30, 1998, and thus he cannot be found disabled unless he can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled prior to September 1998, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of medium work prior to September 1998. The medical evidence did not support claimant's allegations of totally disabling functional limitations during the relevant period.

Plaintiff provided no evidence of disability prior to September 1998. The claimant did not even file for disability until August 2005, some seven years after his insured status expired. Moreover, in his application for DIB, Plaintiff acknowledged that his disability did not begin until January 2005 (TR 50).

The medical evidence found in the record further corroborated the fact that Plaintiff remained capable of performing gainful activity well after his insured status expired. Dr. Lawrence Kurz, a treating physician, reported that the claimant originally injured his back in an automobile accident in 1992. The doctor explained that Plaintiff had done "very well" after back surgery, and had been "doing extremely well" until he was involved in a two other automobile accidents in September and October 2004 (TR 114). Another treating physician, Dr. Lawrence Eilender, reported in April 2005, that Plaintiff was asymptomatic after his 1992 back surgery until his automobile accidents in 2004 (TR 94).

Contrary to Plaintiff's allegation that he had symptoms of multiple sclerosis as far back as 1998, a physical examination performed by Dr. Kurz in March 2005, found no signs of muscle weakness, gait instability or neurological deficit (TR 114). To the extent that multiple sclerosis is a progressive disease, the record reflects that his symptoms did not become a serious problem until some time after March 2005. Although Dr. Eilender opined in September 2006, that Plaintiff could not work due to multiple sclerosis (TR 131), he did

not become a treating physician until 2004. Dr. Eilender has never indicated that the claimant's condition existed, let alone was disabling, prior to September 1998.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2008

_____

## CERTIFICATE OF SERVICE

     I hereby certify on October 29, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 29, 2008: **Brian Shook.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217